# IN THE SUPREME COURT OF THE STATE OF NEVADA

W. WARN SPRINGS TRUST,
Appellant,
vs.
WELLS FARGO BANK, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 65572

**FILED**

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER REVERSING IN PART, VACATING IN PART AND REMANDING*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

The district court granted summary judgment in favor of respondent, concluding that, as a matter of law, the foreclosure sale did not extinguish respondent's deed of trust. Having considered the parties' arguments and the record, we conclude that summary judgment in favor of respondent was improper. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, we disagree that Nevada Association Services' (NAS) failure to fax respondent the notice of sale rendered the foreclosure sale ineffective to extinguish respondent's deed of trust when NRS Chapter 116 imposes no such requirement.[1] As appellant introduced evidence sufficient to support a conclusion that NAS

---

[1]The facts of this case do not require us to decide what a homeowners' association or its agent must do to comply with NRS 116.311635(1)(b)(2) (2005) when a lienholder directs the notice of sale to be mailed to a different address from that listed in the public records.

complied with NRS 116.311635(1)(b)(2) (2005),[2] we reverse the appealed order insofar as it granted summary judgment in favor of respondent.

Based on the current record, however, we are unable to conclude that appellant was entitled to summary judgment.[3] In particular, we cannot determine from the record what significance, if any, the district court gave to respondent's affidavit of non-receipt, and the parties' briefs do not clearly address whether this affidavit created a question of material fact as to whether the foreclosure sale extinguished respondent's deed of trust. *Cf. Wood*, 121 Nev. at 731, 121 P.3d at 1031 (observing that "[t]he substantive law controls which factual disputes are material"). Consequently, we are unable to meaningfully address this issue in the first instance, and we therefore vacate the appealed order insofar as it denied summary judgment in favor of appellant so that the district court can consider this issue on remand.

Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

[2]Respondent does not contest the admissibility of appellant's proffered evidence on appeal.

[3]In this regard, we agree with the district court's reasoning as to why NRS 116.31166 (1993) did not entitle appellant to judgment as a matter of law.

cc:     Hon. Susan Scann, District Judge
        Kerry P. Faughnan
        Greene Infuso, LLP
        Gerrard Cox & Larsen
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A